WILLIAM F. PETILLON

*v.*

HENRY M. WILMARTH *et al.*

EVIDENCE— *contract between other parties, when admissible.* Where a plaintiff had been employed by a hotel company to furnish certain gas fixtures for certain rooms in a building, according to a written contract and specifica-

tions, and the defendant, having succeeded to the use of a room as lessee, employed the plaintiff to furnish fixtures of a better quality, agreeing to pay the plaintiff the difference in value between such fixtures and such as were required in the written contract with the hotel company, it was *held*, that the contract and specifications with the hotel company were admissible in evidence on the part of the defendant, and that it was error to refuse the same.

APPEAL from the Superior Court of Cook County; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. OMAR BUSHNELL, for the appellant.

Mr. J. W. MERRIAM, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of *assumpsit*, brought by appellees in the Superior Court of Cook County, to recover of appellants a balance claimed to be due for certain gas fixtures furnished and put in the barber shop and bath rooms of the Pacific Hotel building.

It appears from the testimony that appellees had made a written contract with the hotel company, under which they had agreed to put in certain gas fixtures in the basement of the building. Appellants had leased the barber shop and bath rooms in the building of Gage Bros. & Rice, who were lessees of the hotel company. The gas fixtures which, under the contract, were to be put in were not of as good a quality as appellants desired. A contract was, therefore, made between appellants and appellees, in which it was agreed that appellees should put in such fixtures as appellants should select, and they were to pay appellees the difference between such fixtures and those which, under the contract with the hotel company, appellees were to furnish.

On the trial of the cause, appellants offered in evidence the written contract made between appellees and the Pacific Hotel Company, and also the specifications, for the purpose of showing the kind and quality of gas fixtures appellees had agreed to furnish and put in the building for the hotel company; but the court refused to admit the contract and

specifications for that purpose, but allowed the same to go to the jury for the sole and only purpose of contradicting the testimony of one of appellees in so far as he had testified there was no written contract. This contract, it is true, was not between appellees and appellants, but that fact did not render it inadmissible, as has been urged by appellees. In so far as the contract and specifications tended to show the kind, quality, or value of the gas fixtures which appellees had contracted with the hotel company to furnish and put in the building, they were competent evidence. As appellants had contracted to pay only the difference in value between such fixtures as they should select and such as were to be furnished under the contract made between appellees and the hotel company, the contract and specifications would seem to be not only competent, but indispensable, evidence in the case, and it was error to exclude them from the consideration of the jury.

A question has been raised in regard to the modification of appellants' first instruction, but it will not be necessary to consider that point, for the reason that upon another trial, when the excluded evidence is admitted, no difficulty can arise as to the law involved in the case. Whatever the difference in value may be between the fixtures furnished at the request of appellants and those that were to be furnished under the contract with the hotel company, that may be recovered. For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*